UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CRIMINAL NO. 23-08005-PGL |
| | ) |
| MOHAMMED CHOWDHURY, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MEMORANDUM REGARDING**
**INTERSTATE NEXUS AND THE USE OF AN INTERSTATE FACILITY**

The United States of America, through its attorneys, Rachael S. Rollins, United States Attorney, and Assistant United States Attorneys Luke A. Goldworm and John T. Dawley, file this memorandum of law in response to this Court's invitation to brief the issue of whether the facts as presented satisfy the requirements for 18 U.S.C. § 1958(a), *Use of Interstate Commerce or Facilities in the Commission of Murder-for-hire*, on January 20, 2023. [D.E. 14]

**SUMMARY**

The Defendant is alleged to have violated 18 U.S.C. § 1958(a) by using a facility of interstate commerce, his telephone, in the commission of murder-for hire of his wife and his wife's boyfriend. The Defendant's use of his cellphone for calls and text messages, as well as his use of the cellphone messaging application, Telegram[1], constitutes a "facility of interstate commerce," as defined in § 1958(b), because it is a means of communication which the statute requires. The Defendant is alleged to have downloaded the application; repeatedly used Telegram and text messages to contact the special agents on his own accord; and engaged-in and

---

[1] Telegram Messenger is a globally accessible free, cross-platform, encrypted, cloud-based and centralized instant messaging (IM) service. The application also provides optional end-to-end encrypted chats, phone, and video calling, as well as VoIP, and file sharing. Telegram is registered as a company in the British Virgin Islands and as an LLC in Dubai.

1

initiated not one, but multiple conversations about the murder-for-hire, a voluntary act on the part of the Defendant in furtherance of the plot to kill. Such repeated use of an interstate facility as a means to commit a murder-for-hire constitutes a violation of 18 USC § 1958(a) and satisfies all requisite elements of the statute.

## CASE LAW AND ANALYSIS

18 USC § 1958(b)(2) defines "facility of interstate or foreign commerce" as including "means of transportation and communication." It is well settled that cellular telephones are instrumentalities *of* interstate commerce. *See generally United States v. Ramsey*, 219 F. App'x 953, 955 (11th Cir. 2007) (citing *United States v. Evans*, 476 F.3d 1176 (11th Cir. 2007)).

However, courts nationwide have also held that the placement of phone calls, text messages, or emails does not have to travel across state lines in order to meet the requisite jurisdictional element for the statute. *See Ramsey,* 219 F. App'x at 955*; United States v. Nader*, 542 F.3d 713, 720 (9th Cir. 2008). Stated differently, courts have found that the *intrastate* use of a cellular phone—an interstate facility—satisfies the statute's interstate nexus. *See United States v. Richeson*, 338 F.3d 653, 660 (7th Cir. 2003) (quoting *United States v. Marek,* 238 F.3d 310 (5th Cir.2001)) (internal quotations omitted) ("It is sufficient [under § 1958] that the defendant used an interstate commerce facility in an *intra* state fashion."); *United States v. Weathers,* 169 F.3d 336, 341 (6th Cir. 1999) *cert. denied,* 528 U.S. 838, 120 S.Ct. 101, 145 L.Ed.2d 85 (1999) ("It is well established that telephones, even when used intrastate, constitute instrumentalities of interstate commerce."); *United States v. Fisher,* 494 F.3d 5, 10 (1st Cir. 2007) (agreeing with the Second, Fifth, Sixth, and Seventh Circuits that Congress's 2004 revision to § 1958(a) requiring the use of a facility *of*, rather than *in,* interstate or foreign commerce means that evidence of "intrastate usage of a requisite facility" satisfies this interstate nexus).

The affidavit here for the criminal complaint provides that the Defendant and the undercover agents communicated wholly within the Commonwealth of Massachusetts and that their communications never crossed state lines. [D.E. 1, 23-8005-AFF, ¶¶ 9, 11, 17, 24]. While

all the evidence suggests only intrastate use of the telephone, the absence of interstate use is not dispositive. *Id.* Indeed, the Defendant's communication with the special agents, while within Massachusetts limits, constitutes the use of a facility *in* interstate commerce, satisfying the requisite elements of 18 USC § 1958.

Amongst the circuit courts there doesn't exist any split in decisions on this issue of interpretation, and while the Supreme Court has not addressed this question directly, the lack of disagreement and consistent denial of cert indicates that this interpretation of the statute is well-settled and should also be applied in this case.

## **CONCLUSION**

The elements of 18 U.S.C. § 1958 are met in this case. The Defendant downloaded and used an app (Telegram) on his telephone, a facility of interstate commerce, to place phone calls and text messages to an individual to whom he believed to be a hit-man able to assist him in committing the murders of his wife and his wife's boyfriend. The case law is clear on what constitutes an interstate nexus, the court should find all elements of this statute met for purposes of proceeding with the case in federal court.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:

*/s/ Luke A. Goldworm*
LUKE A. GOLDWORM
JOHN T. DAWLEY
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

      I, Luke A. Goldworm, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                        ***/s/ Luke A. Goldworm***
                                        LUKE A. GOLDWORM
                                        JOHN T. DAWLEY
                                        Assistant U.S. Attorneys